UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MATTHEW T. SIMMONS,

    Plaintiff,

v.                                  Case No. 4:23-cv-384-WS/MJF

RICKY D. DIXON, *et al.*,

    Defendants
_____/

## REPORT AND RECOMMENDATION

Because Plaintiff failed to comply with a court order and failed to pay the initial partial filing fee, the District Court should dismiss this action without prejudice.

### I. BACKGROUND

On October 3, 2023, the undersigned granted Plaintiff's motion for leave to proceed *in forma pauperis* and ordered Plaintiff to pay the initial partial filing fee. Doc. 6. The undersigned imposed a deadline of November 2, 2023, and warned Plaintiff that the failure to comply with the order likely would result in dismissal of this action. *Id.* at 3. Plaintiff did not comply with that order.

On November 21, 2023, the undersigned ordered Plaintiff to explain and show cause why he failed to comply with the undersigned's order of October 3, 2023. Doc. 13. On December 5, 2023, Plaintiff responded that a "Federal lien" was placed on his inmate trust account for this case, making it "impossible" for Plaintiff to pay the filing fee. Doc. 17 at 1.

On December 12, 2023, the undersigned ordered Plaintiff to produce a printout of Plaintiff's inmate trust account statement for the four-month period embracing the filing of the lawsuit and Plaintiff's motion for waiver. Doc. 20. This account statement indicated that Plaintiff chose to spend his money at the prison canteen rather than pay the initial partial filing fee. Doc. 23. On January 30, 2024, the undersigned again ordered Plaintiff to pay and warned Plaintiff that failure to pay the initial partial filing fee would result in dismissal. Doc. 24. As of the date of this report and recommendation, Plaintiff has not complied with that order.

## II. Discussion

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted);

N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order"). A district court also may dismiss a civil action *sua sponte* for failure to prosecute. *See Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962); Fed. R. Civ. P. 41(b). Furthermore, a district court may dismiss a civil action where a plaintiff fails to pay the filing fee. *Wilson v. Sargent*, 313 F.3d 1315, 1320–21 (11th Cir. 2002) (per curiam).

Here, Plaintiff has not shown good cause, he has offered no excuse for his failure to comply, and he has failed to pay the filing fee. Instead, Plaintiff has twice tried to avoid paying the filing fee. *See* Doc. 7; Doc. 12. Plaintiff's response that he could not pay the fee because of the "10/13/2023" lien is inaccurate. Plaintiff's inmate trust account was depleted because of Plaintiff's choices to spend his funds at the prison canteen rather than on this lawsuit.[1] *Id.* Accordingly, dismissal of this civil action is appropriate.

---

[1] Less than one month before filing this lawsuit, Plaintiff chose to spend his entire $54.82 balance at the prison canteen and on JPAY media. Doc. 23 at 2. One month *after* he filed this lawsuit, $125.00 was deposited in Plaintiff's inmate trust account. *Id.* But instead of setting this money aside for the $22.38 initial partial filing fee, on September 28, 2023, Plaintiff elected to spend $83.03 at the prison canteen. *Id.*

### III. CONCLUSION

Because Plaintiff failed to comply with court orders and has failed to pay the initial partial filing fee, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this action without prejudice.

2. **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this 20th day of February, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**